UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO PATRICK DIAZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. 1:22-cv-01649-EPG<br><br>FINAL JUDGMENT AND ORDER<br>REGARDING PLAINTIFF'S SOCIAL<br>SECURITY COMPLAINT<br><br>(ECF Nos. 1, 15). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

Plaintiff raises the following issue: "Whether the Commissioner failed to comply with Social Security Ruling 16-3p in evaluating Plaintiff's subjective complaints as it pertains to standing/walking?" (ECF No. 15, p. 1).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows:

1

# I.     ANALYSIS

Plaintiff argues that the ALJ failed to "provide clear and convincing reasons for rejecting Plaintiff's allegations regarding [the] severity" of "his limited ability to stand/walk." (ECF No. 15, p. 5).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of Carmickle's testimony is supported by substantial evidence under the clear-and-convincing standard."). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

As the ALJ's RFC assessment is ultimately at issue here, the Court notes that a claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as

the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g).

Here, the ALJ formulated the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: *reduced standing and/or walking to 4 hours and sitting for up to 6 hours in an 8-hour day; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; and must avoid concentrated exposure to extreme cold, vibration, and dangerous work place hazards such as unprotected heights or dangerous moving machinery.*

(A.R. 20) (emphasis added).

Beginning with Plaintiff's subjective complaints, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 21). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

Here, the ALJ provided the following recitation of Plaintiff's subjective complaints and the reasons for rejecting them:

> The claimant alleges disability due to osteoarthritis and torn meniscus of the knees and morbid obesity. He further asserts these conditions affect his abilities to walk, stand, squat (Ex. 2A).
>
> . . . .
>
> A February 2018 x-ray of the left knee showed moderate medial and lateral femoral patellar compartment degenerative change. A March 2018 MRI of the left knee showed advanced tricompartmental degenerative arthritic changes with extensive bony osteophyte formation, most severe at the medial joint compartment

and patellofemoral joint, and a complex degenerative type of medial meniscal tear. There was also noted to be some loose bodies present in the popliteus tendon sheath (Ex. 3F pg. 87-89). In November 2018, it was noted the claimant had normal gait and station. In December 2018, his gait was noted to be irregular. However, the remainder of the examination was normal and noted normal tone and motor strength, normal movement in all extremities, intact sensation, and no edema or cyanosis. Ultimately, the claimant received a knee injection. By January 2019, he reported he was doing well following the injection. The record reflects the claimant participated in aquatic physical therapy beginning October 2019. At that time, he reported a 7-8/10 pain scale. However, by January 2020, it was noted he had made good improvement and reported a 4/10 pain scale (Ex. 3F pg. 25, 29, 35; 10F).

While the claimant reported experiencing arthralgia/joint pain, he consistently denied having muscle aches or weakness, no exercise intolerance, and no shortness of breath when walking. Examinations were largely unremarkable. It was noted he was ambulating with a cane in August 2021. However, the claimant was otherwise noted to have normal gait, normal muscle strength, and normal tone. The majority of examinations gave no indication he used an assistive device or had any weakness, coordination, or balance issues to support the need for one (Ex. 1F pg. 2; 2F pg. 5; 3F pg. 11, 14, 38, 40, 42, 45, 48, 70; 4F pg. 5, 8; 6F pg. 11, 16; 14F pg. 7).

Accordingly, I find it consistent with the record that the claimant has been subject to a degree of pain and functional limitations as a result of his knee impairment. However, the record does not support he is precluded from all work activity. As noted above, the record shows he had normal strength and muscle tone. In his review of symptoms, he reports no muscle aches or muscle weakness. Only recently was he noted to be using an assistive device. However, no falls, coordination, or balance problems were noted. He was consistently noted to appear healthy and in no distress. Likewise, the majority of examinations noted he had normal gait. While he reported experiencing improvement following a knee injection, the record reflects he only got one. He also participated in aquatic therapy and reported experiencing improvement in pain and movement. Therefore, the assessed residual functional capacity accommodates the claimant's limitations by limiting him to light exertion with reduced standing/walking and limitations on the performance of postural maneuvers and exposure to environmental factors including workplace hazards.

. . . .

In sum, the claimant's subjective allegations do not fully corroborate his alleged limitations when compared to the evidence of the record. For example, the medical evidence of record largely reflects objective examination findings and avenues of treatment that are inconsistent with the claimant's extent of reported symptoms. . . .

(A.R. 21-22).

4

1    Plaintiff argues that the ALJ did not provide clear and convincing reasons to reject his

2  subjective complaints, generally asserting that the reports of joint pain, ambulation with a cane,

3  and his morbid obesity support his complaints of disabling symptoms. Upon review of the record

4  and the ALJ's opinion, the Court finds no error.

5    As seen above and elsewhere in the record, the ALJ discounted Plaintiff's subjective

6  complaints, in part, because there was a lack of supporting evidence. *(See* A.R. 21. noting that

7  "the record does not support" Plaintiff's allegations that "he is precluded from all work

8  activity."). While the lack of supporting evidence cannot be the sole basis to discount testimony,

9  it can be a factor, and was properly considered here. *See Rollins v. Massanari*, 261 F.3d 853, 857

10  (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is

11  not fully corroborated by objective medical evidence, the medical evidence is still a relevant

12  factor in determining the severity of the claimant's pain and its disabling effects."). Moreover, the

13  Court notes that, while the ALJ ultimately declined to fully credit Plaintiff's subjective

14  complaints, the ALJ considered them in formulating the RFC, for example, by limiting Plaintiff to

15  "reduced standing and/or walking to 4 hours." (A.R. 20).

16    Additionally, the ALJ discounted the degree of Plaintiff's subjective complaints because

17  the record was inconsistent with disability. For example, although the ALJ noted reports of

18  irregular gait and use of a cane, the ALJ concluded that "the majority of examinations noted he

19  had normal gait" and "[t]he majority of examinations gave no indication he used an assistive

20  device or had any weakness, coordination, or balance issues to support the need for one (Ex. 1F

21  pg. 2; 2F pg. 5; 3F pg. 11, 14, 38, 40, 42, 45, 48, 70; 4F pg. 5, 8; 6F pg. 11, 16; 14F pg. 7)." (A.R.

22  21). Similarly, the ALJ concluded that Plaintiff's limited "avenues of treatment," such as

23  receiving only one knee injection, and his reported improvement, were inconsistent with his

24  reports of disabling symptoms. (A.R. 21-22). It was reasonable for the ALJ to reject Plaintiff's

25  complaints as contradicted by the record evidence. *Carmickle*, 533 F.3d at 1161 ("Contradiction

26  with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.");

27  *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (noting that

28  improvement is a factor that can be considered for purposes of whether a claimant is disabled).

In short, the Court concludes that the ALJ provided clear and convincing reasons to reject Plaintiff's subjective complaints and thus did not fail to include work-related limitations in the RFC.

**II.      CONCLUSION AND ORDER**

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:   **August 22, 2023**                    /s/ _Erica P. Grosjean_
                                                         UNITED STATES MAGISTRATE JUDGE

6